**Thelma Lea ELMORE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–97–039–CR.**

Court of Appeals of Texas,
Eastland.

Dec. 4, 1997.

Byron W. Hatchett, Thedford & Hatchett, Abilene, for appellant.

James Eidson, Criminal District Attorney, Taylor County Courthouse, Kollin Shadle, Appellate Section, Criminal District Attorney's Office, Taylor County Courthouse, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

### ORDER

PER CURIAM.

The jury convicted appellant of driving while intoxicated, and the trial court assessed her punishment at confinement for 180 days in the Taylor County Jail and a $300 fine. On December 3, 1996, the trial court suspended in open court the imposition of the confinement portion of the sentence and placed appellant on community supervision for 24 months. Appellant filed an affidavit stating that she was indigent and requesting the appointment of counsel and a free record on appeal. Appellant's court-appointed counsel timely perfected an appeal and timely filed a designation of the record on appeal. Specifically, counsel requested the preparation of the reporter's record from the pretrial hearing and from the trial on the merits.

At the time the appeal was perfected, the Rules of Appellate Procedure provided that it was the appellant's "burden" under former TEX.R.APP.P. 50(d) "to see that a sufficient record is presented to show error requiring reversal" and that it was the appellant's "duty" under former TEX.R.APP.P. 53(k) "to cause the statement of facts to be filed with the Clerk of the Court of Appeals." Pursuant to former TEX.R.APP.P. 53(m), when the reporter's record was not received by the February 3, 1997, due date, the clerk's office notified the parties in a letter dated February 24, 1997, that the appeal would be submitted on the clerk's record alone unless either a motion for extension of time or the actual reporter's record was filed. Neither the reporter's record nor a motion for extension of time in which to file the reporter's record has been filed in this court.

This case was submitted on oral argument on November 13, 1997. Effective September 1, 1997, the Rules of Appellate Procedure were amended to provide that the filing of the reporter's record is the joint responsibility of the court reporter, the trial court, and the appellate court. TEX.R.APP.P. 35.3(b) & (c). We note that in both appellant's brief and the State's brief reference is made to specific portions of the reporter's record. Appellant has briefed four points of error contending that the trial court abused its discretion when it overruled her motion to appoint an expert in a pretrial hearing and that the denial of the appointment of an expert prevented the effective assistance of counsel in violation of the Texas Constitution, denied her due course of law under the Texas

**468**

Constitution, and violated her rights under the Sixth and Fourteenth Amendments to the U.S. Constitution. Without a reporter's record, we cannot adequately reach the merits of appellant's arguments. Therefore, in the interest of justice, this appeal is abated in order that the reporter's record may be filed in this court. TEX.R.APP.P. 2.

The court reporter is directed to forward to this court the reporter's record on or before January 12, 1998. Upon receipt of the reporter's record, the appeal shall be reinstated.

The appeal is abated.